**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re

Carrie Bishop Kern
aka Carrie Lynn Bishop Kern
aka Carrie Lynn Bishop-Kern

CHAPTER    7
CASE NO.    8:18-bk-07770-RCT

       Debtor
_____/

## RESPONSE TO TRUSTEE'S MOTION TO SELL REAL PROPERTY OF THE ESTATE (DOC. NO. 34) FILED BY GTE FEDERAL CREDIT UNION

GTE FEDERAL CREDIT UNION DBA GTE FINANCIAL ("Creditor"), responds to the Trustee's Motion to Sell Real Property of the Estate with Consent of Secured Lenders (Doc. No. 34) ("Motion") as to the following Real Property located at: 3804 CORTEZ UNIT D TAMPA, FL 33614 ("Property") and states as follows:

1.      The Trustee filed a Motion seeking to sell the Property free and clear of all liens and encumbrances and titled the Motion "with Consent of Secured Lenders."

2.      Creditor holds a second mortgage on the subject property and objects to the relief requested insofar that the Motion fails to state that the second mortgage will be paid in full at closing according to a payoff quote.

3.      Creditor asserts that Trustee's attempt to sell the Collateral under section 363(f) is flawed and the Trustee's Motion seeks relief which cannot be granted.

4.      Section 363(f) requires that one of the legal predicates for a sale be available to the Debtor. The grounds provided for under Section 363(f) are exhaustive and include the following:

"(1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)    such entity consents;

(3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property

     (4)    such interest is in bona fide dispute; or

     (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

<u>11 U.S.C. §363(f)</u>.

5.    None of the subsections 1 -5 are applicable in the instant case. The Trustee cites to §363(f)(2) as its grounds to sell the property free and clear of liens, however, only the first mortgage lender has consented to the sale. The Trustee would need consent from Creditor as well in order to meet the criteria.

6.    Here, it is conceded in the Trustee's Motion that the Creditor is not being paid in full.

7.    Creditor holds a second mortgage lien that cannot be avoided and cannot be valued under §506(d). The Trustee lacks standing and power to strip the Creditor's mortgage lien in a Chapter 7 case, as Chapter 7 Trustee can not use Section 506 of the Bankruptcy Code on its own to work a lien strip off.   <u>Bank of Amer. v. Caulkett</u>.

8.    To the extent that the sale contemplates a payoff of Creditor's mortgage in an amount less than the amount due and owing to Creditor, then Creditor would object to the sale.

9.    Additionally, Creditor has already obtained relief from the automatic stay in this bankruptcy case (Doc. No. 29).

WHEREFORE, Creditor requests that the Court enter an Order Denying Trustee's Motion or in the alternative, that the Court set the matter for hearing.

/s/ Nicole Mariani Noel
Nicole Mariani Noel
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1343
Fax:    (813) 229-3323
nmnoel@kasslaw.com
Florida Bar No. 69883

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on July 22, 2020, by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 1001-2 to: Carrie Bishop Kern aka Carrie Lynn Bishop Kern aka Carrie Lynn Bishop-Kern, 2086 Druid Park Dr. N. , Clearwater, FL 33764; Gary H Baker, 2470 Sunset Point Rd, Clearwater, FL 33765; Carolyn R. Chaney, Trustee P.O. Box 530248, St. Petersburg, FL 33747.

/s/ Nicole Mariani Noel
Nicole Mariani Noel

1910543B/mdm